UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FUENTES, SR.,

          Plaintiff,

    v.

MULE CREEK STATE PRISON, et al.,

          Defendants.

No.  2:23-cv-0386 KJN P

ORDER

Plaintiff is a former state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the court's filing fee in full.  Plaintiff also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

10   1227.

11      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

25   The Civil Rights Act

26      To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

27   constitutional or statutory right; and (2) that the violation was committed by a person acting under

28   the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

2

930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff's Verified Complaint

Plaintiff contends that defendants failed to protect plaintiff from assault by other inmates, based on the following.  While he was housed at Mule Creek State Prison ("MCSP"), plaintiff was "tortured with intent to kill by several inmates," who "raped, sexually humiliated, stabbed with metal pick and injected [plaintiff] all over his body with chemicals."  (ECF No. 1 at 3.) Three inmates gave plaintiff injections on a regular basis, and the injections rendered plaintiff unconscious for hours and took place at bedtime.  Plaintiff "brought up all these issues to the Sergeant, Counselor, Psychiatrist for over a year and they didn't seem to care, nothing was done." (Id.)  Plaintiff shared these traumatic experiences with close family members, fellow officers and friends, but given the failure of correctional management to protect plaintiff, he "decided to keep it to [himself] until [his] release."  (Id.)  Upon his release in March of 2020, plaintiff began looking for mental and physical health assistance.  Plaintiff now suffers post-traumatic stress disorder, anxiety and insomnia, and has physical scars from the chemical injections.  Plaintiff seeks money damages.

Plaintiff names as defendants Mr. Manning, Sergeant, and Ms. Kissel, Counselor, both employed at MCSP.

Eighth Amendment

''The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.''  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993).  Prison officials have a duty ''to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.''  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citations omitted).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, the alleged deprivation must be "sufficiently serious" and, where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." Farmer, 511 U.S. at 843 (citing Helling, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Id. at 835.

Discussion

Plaintiff's complaint identifies a serious deprivation, meeting the objective element. However, plaintiff fails to include specific charging allegations as to each named defendant, referring only to "Sergeant, Counselor, Psychiatrist." (ECF No. 1 at 3.) Plaintiff fails to allege specific facts and dates showing that each named defendant knew plaintiff's safety was at substantial risk yet failed to take reasonable measures to stop it. Indeed, plaintiff fails to set forth specific facts as to how and when plaintiff informed each defendant of the harm, and how each defendant failed to act to protect plaintiff. It is also unclear whether plaintiff was housed with the

4

1    three inmates at different times, or whether plaintiff was housed in a dorm setting.  Accordingly,

2    plaintiff is granted leave to provide the required charging allegations.

3        Also, plaintiff included "Mule Creek State Prison" as a defendant in the caption of his

4    complaint but did not name MCSP as a defendant in the defendants' section of his pleading.  But

5    even if plaintiff had named MCSP as a defendant, such effort is unavailing.  The Eleventh

6    Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state

7    agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332

8    (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d

9    1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to

10   suit.  Thus, any claims against MCSP are legally frivolous, and should not be included in any

11   amended complaint.

12       Finally, plaintiff provided numerous exhibits to his complaint.  It is unclear what purpose

13   such exhibits serve as many are not obviously related to plaintiff's claims.  With respect to

14   exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal

15   system of notice pleading, Fed. R. Civ. P. 8(a).  Plaintiff is advised that it is not the duty of the

16   court to look through all exhibits to determine whether he has claims cognizable under

17   § 1983.  Rather, the court looks to the factual allegations contained in the complaint to determine

18   whether plaintiff has stated a cognizable claim for relief under § 1983.

19       The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

20   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

21   court determines that the complaint does not contain a short and plain statement as required by

22   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

23   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty.

24   Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

25   degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.

26   Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

27   complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

28   ////

1   Leave to Amend

2        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

3   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

4   West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named

5   defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability

6   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

7   actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167

8   (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil

9   rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10       A district court must construe a pro se pleading "liberally" to determine if it states a claim

11  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

12  opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are

13  not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

15  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

16  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556

17  U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

18            A claim has facial plausibility when the plaintiff pleads factual
             content that allows the court to draw the reasonable inference that the
19           defendant is liable for the misconduct alleged. The plausibility
             standard is not akin to a "probability requirement," but it asks for
20           more than a sheer possibility that a defendant has acted unlawfully.
             Where a complaint pleads facts that are merely consistent with a
21           defendant's liability, it stops short of the line between possibility and
             plausibility of entitlement to relief.
22

23  Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

24  can provide the framework of a complaint, they must be supported by factual allegations, and are

25  not entitled to the assumption of truth.  Id. at 1950.

26       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

27  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

28  complaint be complete without reference to any prior pleading.  This requirement exists because,

as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Ramirez v.</u> <u>County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is not required to provide exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  March 8, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fuen0386.14n

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID FUENTES, SR.,                      No. 2:23-cv-0386 KJN P

                        Plaintiff,
12

13        v.                                  NOTICE OF AMENDMENT

14   MULE CREEK STATE PRISON, et al.,

15                      Defendants.

16        Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                   _____        Amended Complaint

19   DATED:

20

21                                          _____
                                            Plaintiff
22

23

24

25

26

27

28