UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FUENTES, SR., | No. 2:23-cv-0386 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner, proceeding pro se and in forma pauperis. On March 9, 2023, plaintiff's complaint was dismissed, and he was granted thirty days in which to file an amended complaint. On April 21, 2023, plaintiff was granted thirty days to comply with the order. On May 22, 2022, plaintiff filed a motion for extension of time to file an amended complaint, along with a motion to appoint counsel.

Extension of Time

Good cause appearing, plaintiff is granted thirty days in which to file an amended complaint that is complete and complies with the March 9, 2023 order. Plaintiff is cautioned that failure to timely comply with these court orders will result in a recommendation that this action be dismissed.

Motion for Counsel

Plaintiff requests that the court appoint counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff motion for extension of time (ECF No. 9) is granted;

2. Within thirty days from the date of this order, plaintiff shall complete the Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the March 9, 2023 order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

3. Plaintiff's motion for appointment of counsel (ECF No. 9) is denied without prejudice.

Dated: May 24, 2023

*/Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/fuen0386.eot2+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FUENTES, SR., <br><br> Plaintiff, <br><br> v. <br><br> MULE CREEK STATE PRISON, et al., <br><br> Defendants. | No. 2:23-cv-0386 KJN P <br><br><br> <u>NOTICE OF AMENDMENT</u> |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____        Amended Complaint

_____
Plaintiff