UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FUENTES, SR., | No. 2:23-0386 CSK P |
| Plaintiff, | |
| v. | ORDER |
| MR. MANNING, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis. Defendants' motion to compel discovery responses is before the Court. As discussed below, defendants' motion is partially granted.

I.   BACKGROUND

This action proceeds on plaintiff's second amended complaint (ECF No. 15) against defendants Mr. Manning and Ms. Kissel for their alleged failure to protect plaintiff from harm in violation of the Eighth Amendment.

On June 11, 2024, the Court issued the Discovery and Scheduling Order, setting the discovery deadline for October 11, 2024, and the pretrial motions deadline for January 13, 2025. (ECF No. 27.)  On August 14, 2024, the deadline for serving written discovery requests was extended to August 26, 2024, and the deadline to file any motions to compel was extended to October 25, 2024.  (ECF No. 29.)

On October 2, 2024, defendants' second motion to extend the discovery deadline was granted for the limited purpose of permitting defendants to take depositions of plaintiff and other nonparties; the deadline was extended to December 10, 2024. (ECF No. 32.)

Defendants filed a motion to compel discovery responses on October 24, 2024. (ECF No. 33.) On October 29, 2024, defendants filed a first status report concerning plaintiff's recent efforts to respond to discovery. (ECF No. 35.) Defendants recounted the remaining deficiencies in the documents provided by plaintiff on October 28, 2024:

- The responses contained no signatures or proof of service.
- Plaintiff's responses to defendants' interrogatories lacked the required dated and signed verification pages.
- Plaintiff's responses to the requests for admissions ("RFAs") were untimely and omitted pages two and four.
- Plaintiff's responses to defendant Manning's interrogatories omitted pages two, four, and six; and contained no response to Interrogatory Nos. four and five.
- Plaintiff's responses to defendant Kissel's interrogatories omitted pages two and four; and contained no response to Interrogatory No. five.
- Plaintiff's responses to the defendants' request for production of documents ("RPDs") omitted pages two, four and six, and the pages that were returned were blank.

(ECF No. 35-1 at 26-27.)

Defendants noticed the deposition of nonparty Anthony Chavez (CDCR No. J92499) for November 7, 2024. (ECF No. 38-1 at 6.)

Plaintiff's opposition to defendants' motion to compel discovery was due on November 14, 2024, but no opposition was filed. Plaintiff was deposed on November 21, 2024. (ECF No. 38-1 at 6; 41 at 1.)

On December 19, 2024, defendants filed a second status report, updating plaintiff's latest efforts to respond to discovery. (ECF No. 38.) On December 15, 2024, defendants received another envelope containing updated discovery responses from plaintiff, but note the responses

remain deficient as follows:

- Plaintiff provided no signatures for the responses to the RFAs and RPDs.
- Plaintiff provided no responses to RPD Nos. 4, 7 and 10, and plaintiff's responses to RPD Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24 do not indicate whether plaintiff produced the requested documents to defendants.
- Plaintiff's responses to the RFAs remain untimely.

(ECF No. 38 at 2-3.)

On December 30, 2024, defendants' request to modify the scheduling order was granted, and the pretrial motions deadline was vacated pending resolution of defendants' motion to compel discovery responses.

On January 13, 2025, plaintiff filed a letter with the Court asking for the Court's assistance. (ECF No. 41.) Plaintiff states that his efforts to retain a lawyer have been unsuccessful. (Id. at 1.) Plaintiff states that at their Zoom meeting in Fresno on November 21, 2024, counsel for defendants confirmed "he received the 177 medical pages," including the letters plaintiff wrote to the courts and family. (Id.) Plaintiff appended a copy of his March 4, 2019 letter to "Priscilla," and various medical records. (Id. at 3-17.) It appears that some or all of these documents may have been produced at plaintiff's deposition because the first document bears an Exhibit 1 sticker. (Id. at 3.)

II.     DISCUSSION

Plaintiff provided responses to some of the discovery requests and has corrected some of the deficiencies involving his failure to provide signatures and verifications. Plaintiff has now provided answers to interrogatories with verification forms, albeit belatedly, and produced at least 177 pages of documents in response to the RPDs. However, plaintiff still did not provide signatures for the responses to the RFAs and RPDs; he provided no responses to RPD Nos. 4, 7 and 10; and did not indicate whether he provided responses to RPD Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24. Plaintiff is advised that simply providing documents to defendants is insufficient; rather, plaintiff must answer each RPD and indicate whether he has provided any documents in response to the specific request.

Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure). Lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Courts have frequently applied a good cause standard to determine whether to excuse any waiver of objections to requests for production under Rule 34. Homesite Ins. Co. of the Midwest v. Howell, 2022 WL 17403215, at *2 (W.D. Wash. Dec. 2, 2022) (same good cause exception applies to both responses to interrogatories under Rule 33 and responses to requests for production under Rule 34); Beard v. County of Stanislaus, 2022 WL 2704856, at *6 (E.D. Cal. July 12, 2022) ("Rule 34(b) does not impose a per se waiver penalty for untimely discovery responses" and an inadvertent calendaring error, with prompt action to serve responses after the error was discovered, was sufficient good cause to excuse untimeliness and deny waiver).

Here, plaintiff has not filed an opposition, and his request for assistance fails to explain his failure to properly respond to the discovery requests propounded by defendants. Defendants' motion to compel was filed after plaintiff failed to provide any discovery responses and defendants provided multiple meet and confer letters, and twice discussed the discovery issues with plaintiff by phone before filing the instant motion. (ECF No. 33 at 6.) Following plaintiff's subsequent piecemeal efforts to provide discovery, defendants filed two separate status reports after again writing plaintiff in an effort to obtain complete discovery responses. (ECF Nos. 35, 38.) Plaintiff's piecemeal responses to the discovery requests are inadequate, and fail to show good cause for plaintiff's failure to timely respond to defendants' discovery requests. Thus, plaintiff must, without objections, respond to defendants' RPD Nos. 4, 7 and 10, and indicate whether he provided responses to RPD Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24, to the best of plaintiff's ability, and he must sign his responses. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to

object to discovery requests within the time required constitutes a waiver of any objection"). If plaintiff does not have documents in his possession, custody, or control that are responsive to a particular request, plaintiff shall provide such response: "Plaintiff has no documents in his possession, custody, or control that are responsive to this request," accompanied by a declaration verifying the accuracy of that response. Accordingly, within 21 days from the date of this order, plaintiff shall serve defendants with written discovery responses, without objections, to RPD Nos. 4, 7 and 10; indicate whether he provided responses to RPD Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24; and shall produce any additional responsive documents in his possession or control. Plaintiff's responses shall also bear his signature, and be accompanied by a proof of service.

As to the RFAs, plaintiff has presented no justification that would excuse his untimely responses and his failure to sign the responses provided. Therefore, each matter is deemed admitted. Fed. R. Civ. P. 36(a)(3) (when a party fails to timely respond to a request for admission, the matter is automatically deemed admitted). The court may permit withdrawal or amendment of an admission upon a motion by the party if it would promote the presentation of the merits of the action and the requesting party would not be prejudiced. See Fed. R. Civ. P. 36(b); see also Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) (upon a motion to withdraw admission, the party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case). Here, plaintiff has not moved to withdraw his admissions. If plaintiff provides responses to defendants' RFAs within the time frame set forth below, plaintiff may also move the Court to withdraw the matters deemed admitted based on his untimely responses. Plaintiff's responses must be accompanied by a proof of service attesting to the date the responses were mailed to counsel for defendants.

Therefore, the Court grants defendants' motion to compel in part. Plaintiff is advised that each party has an obligation in litigation to timely respond to properly served discovery requests. If a party chooses to ignore that obligation, the court has the authority to impose a variety of sanctions, including dismissal. See Fed. R. Civ. P. 37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to

respond to discovery and failure to comply with three court orders to respond to discovery). Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions or a recommendation that this action be dismissed for failure to cooperate in discovery or to comply with the Court's order.

III.   PLAINTIFF'S REQUEST FOR ASSISTANCE

This order provides plaintiff with guidance regarding what he needs to do next to continue prosecuting this action. To the extent plaintiff seeks the appointment of counsel, his request is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery (ECF No. 33) is partially granted.

2. Within 21 days from the date of this order, plaintiff shall serve defendants with written discovery responses, without objections, to request for production of documents Nos. 4, 7 and 10; indicate whether plaintiff provided responses to request for production of documents Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24; and shall produce any additional responsive

documents in his possession or control. Plaintiff's responses shall also bear his signature, and be accompanied by a proof of service.

3. Defendants' request for admissions, set one, are deemed admitted. But if plaintiff provides signed responses within 21 days from the date of this order, plaintiff may also move the Court to withdraw the matters deemed admitted; any such motion must be filed within 21 days from the date of this order. Any responses must be accompanied by a proof of service.

4. Plaintiff's request for appointment of counsel (ECF No. 41) is denied without prejudice.

Dated: March 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/fuen0386.mtc