UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FUENTES,

Plaintiff,

v.

MR. MANNING, et al.,

Defendants.

No. 2:23-0386 CSK P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a former state prisoner proceeding pro se. Defendants filed a motion to dismiss this action based on plaintiff's failure to adequately respond to discovery requests and failure to comply with the Court's order. (ECF No. 43.)

I. BACKGROUND

This action was filed on February 28, 2023 while plaintiff was in state custody, and proceeds on plaintiff's second amended complaint alleging that defendants Mr. Manning and Ms. Kissel failed to protect plaintiff from harm in violation of the Eighth Amendment. (ECF No. 15.)

On June 11, 2024, the Court issued the Discovery and Scheduling Order, setting the discovery deadline for October 11, 2024, and the pretrial motions deadline for January 13, 2025. (ECF No. 27.) On August 14, 2024, the deadline for serving written discovery requests was extended to August 26, 2024, and the deadline to file any motions to compel was extended to October 25, 2024. (ECF No. 29.)

On October 2, 2024, defendants' second motion to extend the discovery deadline was granted for the limited purpose of permitting defendants to take depositions of plaintiff and other nonparties; the deadline was extended to December 10, 2024. (ECF No. 32.)

On October 24, 2024, defendants filed a motion to compel discovery based on plaintiff's failure to timely respond to (1) defendants' request for admissions, set one; (2) defendant Manning's interrogatories to plaintiff, set one; (3) defendant Kissel's interrogatories to plaintiff, set one; and (4) defendants' request for production of documents to plaintiff, set one, propounded on August 26, 2024. (ECF No. 33 at 4.) Plaintiff's responses were due on October 10, 2024, but plaintiff did not respond. (Id. at 4-5.) On October 15, 2024, defense counsel wrote to plaintiff about the overdue discovery responses, and granted plaintiff an extension of time to respond to October 21, 2024. (Id. at 5.) On October 17, 2024, plaintiff called defense counsel, who inquired about the discovery responses; plaintiff said he would try to get the responses to counsel by October 21, 2024. (Id.) On October 21, 2024, defense counsel followed up in writing with plaintiff on the October 17, 2024 phone call. (Id.) As of October 24, 2024, defense counsel had not received responses to the discovery propounded on August 26, 2024.

On October 29, 2024, defendants filed a "status update" on the motion to compel. (ECF No. 35.) Defense counsel had received untimely responses from plaintiff, but the responses did not resolve the motion to compel because they remained defective for the following reasons: (1) the responses were not signed and did not contain a proof of service showing that plaintiff completed the responses; (2) the interrogatory responses did not contain dated and signed verification pages as required by Rule 33(b)(3) of the Federal Rules of Civil Procedure; (3) plaintiff's responses omitted pages and full responses; and (4) the late responses to the requests for admissions "still renders his full admissions automatic." (ECF No. 35 at 2-3.)

Defendants noticed the deposition of nonparty Anthony Chavez (CDCR No. J92499) for November 7, 2024. (ECF No. 38-1 at 6.)

Plaintiff's opposition to defendants' motion to compel discovery was due on November 14, 2024, but no opposition was filed.

On November 20, 2024, the Court noted that it appeared plaintiff "submitted some form

of discovery responses to defendants after defendants filed their motion," but plaintiff did not file an opposition or statement of no opposition to defendants' motion to compel discovery responses. (ECF No. 37 at 2.) The Court ordered plaintiff to file an opposition or statement of no opposition to defendants' motion to compel further discovery responses and defendants' status report within 21 days. (Id.) In addition, plaintiff was provided the following warnings:

> Plaintiff is cautioned that he is required to cooperate in discovery. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

(Id.)

Plaintiff was deposed on November 21, 2024. (ECF No. 38-1 at 6, 41 at 1.)

On December 19, 2024, defense counsel filed a second status update. (ECF No. 38.) On December 12, 2024, defense counsel received an envelope from plaintiff, postmarked December 10, 2024, and containing defense counsel's declaration in support of defendants' motion and its attachments. (Id. at 2.) On the attachments, it appeared plaintiff had handwritten responses to the discovery requests, apparently responding to (1) defendants' request for admissions, set one; (2) defendant Manning's interrogatories to plaintiff, set one; (3) defendant Kissel's interrogatories to plaintiff, set one; and (4) defendants' request for production of documents to plaintiff, set one. (Id.) Defendants maintained that plaintiff's responses did not resolve the motion to compel because of the remaining defects: (1) plaintiff did not sign his responses to the request for admissions or request for production of documents; (2) plaintiff's response to the request for production of documents omitted responses to Nos. 4, 7, 10, and certain responses failed to indicate whether plaintiff had produced the documents sought (Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, 24); and (3) the late responses to the requests for admissions "still renders his full admissions automatic." (Id. at 2-3.) On December 30, 2024, defendants' request to modify the scheduling order was granted, and the pretrial motions deadline was vacated pending resolution of defendants' motion to compel discovery responses. (ECF No. 40.) The Court noted that this

was defendants' third motion to modify the discovery and scheduling order, but their first motion to extend the pretrial motions deadline, and was based on plaintiff's alleged refusal to comply with his discovery obligations. (Id. at 1.)

On January 13, 2025, plaintiff filed a letter with the Court asking for the Court's assistance. (ECF No. 41.) Plaintiff stated that his efforts to retain a lawyer have been unsuccessful, and during a November 21, 2024 Zoom meeting, defense counsel confirmed receipt of "177 medical pages," including letters plaintiff wrote to the courts and family. (Id. at 1.) Plaintiff appended a copy of his March 4, 2019 letter to "Priscilla," and various medical records. (Id. at 3-17.) It appears that some or all of these documents were produced at plaintiff's deposition because the first document bears an Exhibit 1 sticker. (Id. at 3.)

On March 11, 2025, the Court granted defendants' motion to compel in part. (ECF No. 42 at 5.) The Court noted plaintiff had not filed an opposition, and found that plaintiff's request for assistance failed to explain plaintiff's failure to properly respond to the discovery requests propounded by defendants. (Id. at 4.) Plaintiff's discovery responses remained inadequate, and failed to show good cause for plaintiff's failure to timely respond to defendants' discovery requests. (Id.) The Court found that the requests for admissions were deemed admitted, and ordered plaintiff to serve written discovery responses, without objections and within 21 days, to requests for production of documents Nos. 4, 7 and 10; indicate whether he provided responses to requests Nos. 5, 6, 8, 9, 12, 13, 14, 17, 18, 19, 20, 21, 22, and 24; and to produce any additional responsive documents in his possession or control. (Id. at 5.) Plaintiff was

> advised that each party has an obligation in litigation to timely respond to properly served discovery requests. If a party chooses to ignore that obligation, the court has the authority to impose a variety of sanctions, including dismissal. See Fed. R. Civ. P. 37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery). Plaintiff is cautioned that failure to comply with this order may result in the imposition of sanctions, including monetary sanctions or a recommendation that this action be dismissed for failure to cooperate in discovery or to comply with the Court's order.

(Id. at 6.) To the extent plaintiff sought appointment of counsel, the Court denied plaintiff's request. (Id.)

On April 11, 2025, defendants filed their motion to dismiss this action based on plaintiff's failure to adequately respond to discovery requests and failure to comply with the Court's orders. (ECF No. 43.) Plaintiff did not file an opposition, and on May 13, 2025, the Court granted plaintiff an additional thirty days to file an opposition, and warned plaintiff as follows:

> Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to cooperate in discovery, and failure to comply with these rules and a court order. Said failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

(ECF No. 44 at 2.)

On June 18, 2025, plaintiff filed a request for extension of time to take a polygraph. (ECF No. 45.) On June 24, 2025, the Court denied plaintiff's request for extension of time to take a polygraph, noting that to the extent plaintiff sought an extension of time to oppose defendants' motion to dismiss or to respond to the May 13, 2025 order, such request was untimely, but granted plaintiff an additional fourteen days to respond to the May 13, 2025 order. (ECF No. 46.)

On July 14, 2025, plaintiff filed a document styled "Plaintiff's Opposition and Responsive Declaration to Defendants' Motion to Dismiss filed July 11, 2025." (ECF No. 47.) On July 18, 2025, defendants filed a reply.

## II. THE PARTIES' POSITIONS

Defendants move to dismiss this action based on plaintiff's failure to adequately respond to discovery requests and failure to comply with the Court's order and directive, relying on Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure. (ECF No. 43-1 at 2.) Defendants contend that plaintiff has persisted in failing to comply with discovery obligations related to defendants' discovery propounded on August 26, 2024, and with the Court's order partially granting defendants' motion to compel discovery. (Id. at 2.) Despite defendants' efforts to obtain discovery responses, including several phone calls, three meet and confer letters, a motion to compel, and two status updates, as well as two Court orders (ECF No. 37, 42) and multiple warnings by the Court, plaintiff provided only piecemeal responses and "silence and inaction." (Id. at 6.) Counsel for defendants declares that since the March 11, 2025 order partially granting

defendants' motion to compel, no discovery responses have been received from plaintiff. (ECF No. 43-2 at 2.) Defendants argue that four of the five factors in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)), support dismissal of this case as a sanction for plaintiff's failures to comply. (ECF No. 43-1 at 4-11.)

In opposition, plaintiff appears to attempt to clarify his deposition testimony which took place in Fresno on November 21, 2024, and discusses information plaintiff received from an investigator. (ECF No. 47 at 1-2.) Plaintiff claims he has concerns for his safety since inmate Yepes was released from prison, and avers that some parole officers "began acting suspiciously." (ECF No. 47 at 2.)

In reply, defendants point out that plaintiff's opposition again "has no bearing on plaintiff's obligation to cooperate in discovery," and fails to substantively oppose or even address in any way defendants' motion to dismiss. (ECF No. 48 at 1 (quoting ECF No. 46 at 2).) By failing to oppose the merits of the motion to dismiss, plaintiff has waived any opposition to the motion. (Id. at 2.) Further, "through his inaction, plaintiff has demonstrated that he will not properly respond to plaintiff's written discovery responses," propounded in August 2024. (Id.) Plaintiff's inaction has delayed this action and prevented defendants' ability to defend themselves, and plaintiff should not be allowed to prosecute this action when he continues to violate Court orders. (Id. at 2-3.)

## III. GOVERNING STANDARDS

Defendants rely on Federal Rules 37(b) and 41(b) to support their motion for dismissal, and their arguments are based on plaintiff's failure to comply with discovery and to obey a court order regarding discovery. (ECF No. 43.) "[W]here a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014); see Chambers v. NASCO, Inc., 501 U.S. 32, 49 n.14 (1991); Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958) (the question of whether dismissal should be ordered because of noncompliance with

a discovery order "depends exclusively upon Rule 37" and "[t]here is no need to resort to Rule 41(b)"); see also Warne v. City & County of San Francisco, 2018 WL 2215848, at *4 (N.D. Cal. May 15, 2018) (considering defendants' dismissal request under Rule 37 even though defendants relied on Rule 41, because the orders at issue "concern discovery matters and therefore fall under Rule 37, and not Rule 41").

That said, "[t]he standards governing dismissal for failure to obey a court order are basically the same" under Rule 37(b) and Rule 41(b). Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). The main difference is the threshold requirement for terminating sanctions under Rule 37(b) is that the conduct at issue must have been intentional. Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (because dismissal is a "very severe" sanction, "[o]nly willfulness, bad faith, or fault justify terminating sanctions."); Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (because "dismissal is a harsh penalty . . . it should only be imposed in extreme circumstances.").

Upon a finding of "willfulness, bad faith, or fault," a court must assess the following five factors to determine whether terminating sanctions should be imposed: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Transamerica Life Insurance Company v. Arutyunyan, 93 F.4th 1136, 1146 (9th Cir. 2024); see also Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with a court order to amend a complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules); Malone, 833 F.2d at 130-31 (dismissal for failure to comply with a court order).

## IV. DISCUSSION

### A. Willfulness, Bad Faith or Fault

The Court agrees with defendants that plaintiff's "opposition" has no bearing on plaintiff's obligation to cooperate in discovery, and fails to address in any way defendants' motion to dismiss. Plaintiff failed to explain his noncompliance, and therefore has not demonstrated that circumstances beyond his control prevented him from complying with the

discovery requests, or the Court's order partially granting the motion to compel. "[D]isobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault." Sanchez v. Rodriguez, 298 F.R.D. 460, 463 (C.D. Cal. 2014).[1] The Court finds that plaintiff continues to willfully fail to comply with court orders, despite the multiple extensions of time and warnings provided to plaintiff. Thus, the record amply demonstrates that plaintiff failed to timely comply with discovery requests, even when defendants and the Court informed him of the deficiencies, and then failed to comply with Court orders, showing that plaintiff is at fault. Conn. Gen. Life Ins. Co., 482 F.3d at 1096. The Court now turns to the issue of whether terminating sanctions are appropriate.

B. The Five Factor Test to Determine Whether Terminating Sanctions Are Appropriate

Applying the five factor test, the Court finds and recommends that terminating sanctions should be imposed. When a court order has been violated, the first two factors are often considered together and, as "they relate to docket-management issues that the district court is in the best position to assess, often support the imposition of terminating sanctions." Transamerica Life Ins., 93 F.4th at 1146; see also Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Here, "the public's interest in the expeditious resolution of litigation" and "the court's need to manage its docket" each support dismissal. Pagtalunan, 291 F.3d at 642 ("The public's interest in expeditious resolution of litigation always favors dismissal," and the court is required to manage its docket without being subject to a litigant's noncompliance). This district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California.[2] Plaintiff's inaction and silence has delayed the case, resulted in multiple motions filed by defendants, required the issuance of multiple court orders, and required

[1] The record does not reflect that plaintiff acted in bad faith.

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2022 Annual Report, "Workload Statistics," p. 35 (2022) ("[O]ur weighted caseload far exceeds the national average . . . ranking us eighth in the nation and second in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 202[2] Biennial Judgeship Survey recommended preliminary request for four additional permanent judgeships for Eastern District of California).

modification of the Court's scheduling order (ECF No. 40). Therefore, the Court finds that the first two factors weigh in favor of dismissal of this action.

Regarding the third "risk of prejudice to the party seeking sanctions" factor, it is clear that defendants are prejudiced by plaintiff's failure to respond to written discovery requests, including requests for production of documents concerning the claims plaintiff asserted in the second amended complaint. See Transamerica Life Ins., 93 F.4th at 1146. Defendants claim they have been substantially prejudiced by plaintiff's inaction and silence because defendants were hindered in their ability to "prepare for two depositions, conduct expert discovery, prepare a defense, and draft their motion for summary judgment." (ECF No. 43-1 at 9 (citations omitted).) The Ninth Circuit has found that the prejudice factor is established if the disobeying party's actions impair the ability of the moving party "to go to trial" or "threaten to interfere with the rightful decision of the case," and finding that while mere delay alone does not establish prejudice, a failure to produce documents as ordered "is considered sufficient prejudice." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); Conn. Gen. Life Ins. Co., 482 F.3d at 1097. The Ninth Circuit has also held that failing to produce documents as ordered is sufficient prejudice. See Computer Task Grp., Inc. v. Brotby, 364 F.3d 1112, 1116 (9th Cir. 2004) (upholding district court's terminating sanctions order after magistrate judge recommended terminating sanctions for discovery misconduct). Here, plaintiff failed to produce documents responsive to defendants' request for production of documents as ordered by the Court on March 11, 2025, establishing sufficient prejudice. See id. Defendants cannot properly assess the case or prepare their defense where plaintiff has failed to respond to all written discovery requests. The Court finds that the third factor weighs in favor of imposing terminating sanctions.

As to the fourth factor, the policy favoring disposition on the merits usually weighs against dismissal. However, plaintiff's own actions in failing to properly respond to written discovery requests, failing to respond to all of the written requests, failing to comply with the Court's orders requiring him to produce documents and failure to respond to defendants' motion to dismiss, are impeding the progress of this case. "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move

forward toward resolution on the merits." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff's failures, if continued, would make disposition of the case on the merits impossible. Defendants served their written discovery requests in July 2024, and despite several piecemeal efforts to comply, plaintiff failed to respond to all of defendants' written discovery requests, even after this Court granted defendants' motion to compel and ordered plaintiff to respond. Thus, the fourth factor "lends little support" to the weighing of these factors, and does not weigh against dismissal under these circumstances. See id.

Finally, the Court has already tried less drastic alternatives. The Court granted plaintiff two extensions of time to oppose defendants' motion to compel (ECF Nos. 37, 42), and then granted plaintiff two extensions of time to oppose defendants' motion to dismiss (ECF Nos. 44, 46.) Despite the Court's orders, plaintiff did not file an opposition to the motion to compel. Plaintiff's "opposition" to the motion dismiss is essentially no opposition because plaintiff wholly failed to address the motion to dismiss or explain his failures to respond to the still outstanding written discovery requests. (ECF No. 47.) In addition, warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement. Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)). Here, plaintiff has twice been warned about the consequences of failing to comply with Local Rule 230(l) and the Federal Rules of Civil Procedure, as well as failing to oppose a motion to dismiss. (ECF No. 27 at 6, 8; ECF No. 44 at 1-2.) On November 20, 2024, plaintiff was warned of the consequences of failing to cooperate in discovery, including a recommendation that this action be dismissed. (ECF No. 37 at 2.) On March 11, 2025, plaintiff was again advised of his obligation to respond to discovery requests, and warned that "the court has the authority to impose a variety of sanctions, including dismissal" if the discovery obligations were ignored. (ECF No. 42 at 5.) These warnings were ineffective.

In any event, the Court has tried and considered other lesser sanctions, but finds they would also be ineffective. Monetary sanctions would be ineffective because plaintiff was indigent at the time he filed this action, is proceeding in forma pauperis, and there is no evidence

that his financial circumstances have substantially improved. Even if plaintiff now has some funds available since his release from state custody, it does not appear likely that monetary sanctions would induce plaintiff to cooperate, prosecute his case or follow court orders. Similarly, evidentiary sanctions would be ineffective. The Court already deemed admitted the requests for admissions based on plaintiff's failure to timely respond, but that order did not result in plaintiff's compliance with the March 11, 2025 order. Plaintiff's willful disregard of court orders demonstrates that less drastic sanctions would be ineffective and insufficient to address plaintiff's behavior. The Court finds that the fifth factor weighs in favor of dismissal.

Having weighed the five factors, the Court finds that the first, second, third and fifth factors discussed above weigh in favor of dismissal, and outweigh the fourth factor. Therefore, this Court is left with little alternative than to recommend dismissal. See Transamerica Life Ins., 93 F.4th at 1148 (affirming dismissal sanctions where "the district court applied a measured and gradational approach in responding to [the offending party's] non-compliance with the court's orders and the local rules," and issued terminating sanctions only after the offending party "failed to perform any of the tasks assigned. . . ."); Dreith v. Nu Image, Inc., 648 F.3d 779, 787 (9th Cir. 2011) (upholding discovery sanction of dismissal where offending party failed to provide discovery, despite the court's order and warnings); Avila v. Willits, 633 F.3d 828, 832 (9th Cir. 2011) (upholding dismissal sanction where the plaintiffs failed to respond to discovery requests and warned about dismissal); see also Harkey v. Beutler, 817 F. App'x 389, 391 (9th Cir. 2020) (upholding dismissal sanction where the plaintiff failed to respond to "a single discovery request . . . since the lawsuit was initiated," despite awareness of the requests and the court's warnings); Arellano v. Blahnik, 2019 WL 2710527, at *7 (S.D. Cal. Jun. 28, 2019) (finding dismissal sanctions warranted where the plaintiff failed to "complete written discovery responses for over ten months").

## V. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 43) be granted, and
2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 27, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/fuen0386.mtd.sanc